## E. E. BALDWIN *v.* FLASH, PRESTON & Co.

> 58  593
> 80  196

1. ATTACHMENT. *Territorial limit as to power of justice of the peace. Writ returnable within less than five days.*

   A writ of attachment was issued by the mayor of Jackson, *ex officio* a justice of the peace in the First District of Hinds County, returnable to the Circuit Court for the Second District of Hinds County, at Raymond. And the return-day named in the writ was within less than five days of the date of its issuance. It was levied and returned to the day named; and the defendant approved and consented to the entry of judgment against himself, both as to the attachment and as to the debt. The property attached was claimed by a third person; and upon the trial of the claimant's issue it was contended that the attachment was void because a justice of the peace of the First District of the county has no power to issue a writ to the Second District, and because the writ was returnable in less than five days. *Held,* that the objections are without merit.

2. DEED OF TRUST. *On goods to be acquired. Surrender to trustee. Effect as to attaching creditors.*

   On the 5th of May, 1879, P., a merchant in business, executed a deed of trust on his stock of goods on hand and to be afterwards acquired, to secure the payment of his several promissory notes to B. & M. for a large sum of money in the aggregate, payable between the 15th of October, 1879, and the 15th of January, 1880. It was understood between the parties that the deed of trust should not be recorded, unless necessary to protect B. & M. against P.'s creditors. The deed was not recorded till the 29th of January, 1880; and on the same day P. surrendered his stock of goods to the trustee, which surrender was evidenced by a writing given by P. From the time of the execution of the deed of trust to the surrender of the goods P. conducted the business of selling and replenishing his stock, in the usual course of trade, for his own benefit. On the 30th of January, 1880, certain creditors of P. sued out an attachment against him, and had the same levied on the goods in the possession of the trustee for B. & M. The defendant consented to the rendition of judgment against himself, both as to the attachment and as to the debt. The trustee for B. & M. presented a claimant's issue, and upon the trial thereof, the court, in effect, instructed the jury to find for the plaintiffs in a certain state of case, without regard to the fact of the surrender of the goods to the claimant. *Held,* that if the deed of trust was void as to the attaching creditors, P. had the right, independent of it, to deliver his goods to the trustee, in good faith, for the benefit of B. & M.; and the previous execution of the deed of trust, with the understanding as to withholding it from record, and the conduct of B. & M. in pursuance of such understanding, could not deprive P. of his right to prefer their debts. The delivery, if *bona fide,* conferred title to the goods, and the deed of trust and the writing accompanying the delivery served to define the trust.

3. SAME. *Surrender of goods to trustee. Contemporaneous writing as evidence.*

   In the case above stated, the court excluded from the evidence the writing exe-

cuted by P. on surrendering the goods. *Held,* that the writing was admissible as a part of the *res gestæ* of the surrender, and should have been admitted as defining the trust.

4. SAME. *Surrender of goods to trustee. Levy of attachment. Instruction.*
   In the trial of the above stated case, the court refused to give an instruction for the claimant to the effect that if the jury believed from the evidence that, prior to the levy of the attachment, P. had delivered the goods in controversy to the claimant, as trustee, to sell the same and apply the proceeds to the payment of the debt due B. & M., then they should find for the claimant. *Held,* that the instruction should have been given.

5. SAME. *Validity of surrender of goods. How determined. Evidence.*
   The validity of the surrender of the goods by P. to the trustee for B. & M., as above stated, is to be tested, as against the attaching creditors, by the facts and circumstances existing at the date thereof; which facts and circumstances should be submitted to the jury, whose province it is to determine the *bona fides* of that transaction. The deed of trust, though void, is admissible in evidence as indicating the intention of the parties; but neither alone, nor together with the transactions preceding such surrender, could it preclude P. from making an honest preference of B. & M. as his creditors, or necessarily fix the rights of the parties, or determine the legal effect of the surrender of the goods to the trustee.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

On the 5th of May, 1879, C. C. Parkman, a country merchant, executed a deed of trust to E. E. Baldwin, as trustee, for Bickham & Moore, merchants in New Orleans, to secure the payment of four promissory notes given by Parkman to Bickham & Moore on the 15th of April, 1879, and payable at different dates between the 15th of October, 1879, and the 15th of January, 1880, for the aggregate sum of about $16,000. The deed conveyed several parcels of land, and "also all of the stock of goods, wares, merchandise, and chattels on hand in the store" of Parkman, in the town of Bolton, "and all goods which may be added to or placed in said stock from and after this date; also, the accounts of" certain named persons, "as the same now stand upon the books" of said Parkman, "and all indebtedness that may accrue on the accounts of said parties with" said Parkman. The deed authorized the trustee, upon default in the payment of any of the notes, to take

possession of the property conveyed, and sell the same after five days' notice in three public places in the county, and to apply the proceeds to the satisfaction of the indebtedness.   It was understood between Parkman and Bickham & Moore that the deed of trust should not be recorded " unless to protect them [Bickham & Moore] against the creditors of Parkman." It was not recorded till the 28th of January, 1880.   Parkman remained in possession of the goods up to that date, selling off and replenishing for his own benefit; but on that day he surrendered his stock of goods to Baldwin, the trustee, who took full possession of the same.   The surrender was evidenced by a writing made by Parkman and given to Baldwin.

On the 30th of January, 1880, an attachment was issued at the suit of Flash, Preston & Co., and levied on the goods which had been delivered by Parkman to Baldwin.   The writ was issued by the mayor of the city of Jackson, who is *ex officio* a justice of the peace, and was returnable to the Circuit Court, in the town of Raymond, on the first Monday of February, 1880 — within less than five days of the date of its issuance.   Jackson is in the First Judicial District of Hinds County, and Raymond in the Second.   The writ was returned as therein directed, and on the 2d of February, 1880, Baldwin filed an affidavit and bond as a claimant of the goods attached. Parkman appeared at the return-term of the writ, and consented to have judgment entered against himself both as to the question of attachment and as to that of the indebtedness.

The case came on for trial on the claimant's issue, and evidence of the writings and facts above referred to was submitted to the jury, except the writing evidencing the surrender of the goods by Parkman to Baldwin, which was excluded by the court.   It was dated the 28th of January, 1880, signed by Parkman, and was in these words :  " I hereby surrender possession of the stock of goods, wares, and merchandise now in my store at Bolton, Mississippi, to E. E. Baldwin, trustee in a deed of trust executed by me on the 5th of May, 1879, to secure Bickham & Moore in certain indebtedness due by me

to them, to be disposed of according to the terms thereof, or at private sale, as the said trustee may deem most expedient, and the proceeds thereof to be applied to the satisfaction of the said debt secured by the said deed of trust."

One instruction only was given for the plaintiffs in attachment, and upon that error is here predicated. The court refused to give the fifth instruction asked by the claimant, and exception was taken to the refusal thereof. The substance of both of these instructions is sufficiently stated in the opinion of the court. The verdict and judgment were for the plaintiffs in attachment, and the claimant appealed.

*Wells & Williamson*, for the appellant.

1. Is the writ of attachment void because the mayor of Jackson was not authorized by law to issue it? The two districts of Hinds County are to be taken and considered the same as two distinct counties. Code 1871, sect. 94.

2. We insist that the writ of attachment is void, because it was issued within five days of the term of the court to which it was made returnable. Code 1871, sects. 695, 1428; *Harris* v. *West*, 3 Cushm. 158; *Lehr* v. *Doe*, 3 Leg. Obs. 471; *Sanders* v. *Rains*, 10 Mo. 771; *Bank* v. *Munford*, 6 Ga. 51; *Carey* v. *Butler*, 11 Ind. 391.

3. The court erred in granting the instruction it gave on behalf of the plaintiffs. It proceeds on the theory that the deed of trust was *per se* made to hinder, delay, and defraud the creditors of Parkman; that the deed of trust was not valid in law, because the stock of goods remained in Parkman's hands for sale and replenishment, so as to make it attach to the substituted goods and the notes and accounts. Is a mortgage of a stock of goods remaining with the mortgageor for sale and replenishment, so as to make it attach to the substituted goods, valid in law when the mortgagee takes possession before the lien of a creditor is acquired? This question has never been decided, that I am aware of, by this court. The decisions are uniform in other States that a mortgage thus perfected is valid. *Rowley* v. *Rice*, 11 Metc. 333;

*Moody* v. *Wright*, 13 Metc. 17–32; *Williams* v. *Briggs*, 11
R. I. 476; *Cook* v. *Cothrell*, 11 R. I. 482; *Rowan* v. *Sharp's
Rifle Man. Co.*, 29 Conn. 282: *Walker* v. *Vaughn*, 33 Conn.
577; *McCaffrey* v. *Woodin*, 65 N. Y. 459–463; *Gregg* v. *San-
ford*, 24 Ill. 17; *Farmers' Loan & Trust Co.* v. *Commercial
Bank*, 11 Wis. 207; *Brown* v. *Webb*, 20 Ohio, 389; *Morrow*
v. *Reed*, 30 Wis. 81.

4. We insist that the court erred in refusing to allow the
claimant to introduce in evidence the written assignment by
Parkman to him, by which he surrendered to him the stock
of goods.   This assignment itself would have been sufficient
to have given Bickham & Moore a prior lien on the stock of
goods.   See *Rowley* v. *Rice*, 11 Metc. 335, and all the author-
ities above referred to.

Again : the court erred in not giving the instructions asked
by the claimant.   The theory upon which those instructions
were based is this : If Parkman retained sufficient property to
pay all the debts which he owed at the time of the making of
the conveyance, the deed was not necessarily fraudulent and
void, but the whole matter should have been left to the jury.

*W. C. Wells* and *C. M. Williamson*, counsel for the ap-
pellant, also argued the case orally.

*M. Green*, for the appellees.

1. An attachment writ may be issued by any officer author-
ized to take affidavits.   Code 1871, sect. 1421.   There is
no territorial limit prescribed.   Id., sect. 1428.

2. The statute directs that such writ be made returnable to
the next term after its issuance.   Ibid.

But the object of the writ of attachment, as recited in it, is
to attach the property " so as to compel the aforesaid E. F.
to appear before the —— court," " and that you summon
him."   Id., sect. 1429.   When the property shall have been
taken and is in the custody of the sheriff, and the defendant
appears, then the whole office of the writ is performed.
Drake on Attach., sects. 87, 87 b, 185; *Cooper* v. *Reynolds*,
10 Wall. 308; *Toland* v. *Sprague*, 12 Pet. 330; 12 Smed.

& M. 449 ; 19 Ala. 33 ; 2 How. 670.     See also sect. 1476, Code 1871.

3. In this State, mortgages on running stocks of goods with power of sale and replenishment are in themselves held invalid, because they are fraudulent.     *Everman* v. *Robb*, 52 Miss. 660 ; *Cayce* v. *Stovall*, 50 Miss. 400 ; *Hilliard* v. *Cagle*, 46 Miss. 344.

Again : it is said that the court erred in not admitting in evidence the written surrender of possession of the goods. The court will notice that this instrument is a mere surrender of possession to Baldwin, as trustee, under the deed of trust executed May 5, 1879.     This instrument does not confer any new right of property in the goods.     The only title Baldwin would have was as trustee under this deed of trust.

*M. Green* made an oral argument also.

*Shelton & Crutcher*, on the same side.

1. On the first point we need only cite the Code of 1871. Sect. 1421 says that the affidavit in attachment may be made before certain officers, of whom the mayor of an incorporated city ( as Jackson was) is one ; and sect. 1428 says that the writ may be issued by any officer authorized to take the affidavit in attachment.     But all irregularities were waived by the appearance and confession of judgment on the part of Parkman ; and this is a proceeding collateral to that against Parkman.  *Loughbridge & Bowland* v. *Bowland*, 52 Miss. 560.

2. The mortgage, operating by its terms upon all goods in the store and all future acquisitions, and the mortgageor being permitted to continue in business as before, was *ipso facto,* void as to creditors.     *Harman* v. *Hoskins*, 56 Miss. 142.

3. By keeping the mortgage concealed and permitting Parkman to make purchases on credit upon the faith of the sellers that his stock was not encumbered, the mortgagees have placed the plaintiffs in a position which they otherwise would not have occupied, and from which they cannot retrace their steps, and therefore they are estopped to set up at this late day said mortgage against them.     *Hilliard* v. *Cagle*, 46 Miss. 336.

4. The mortgagees, being estopped to set up the mortgage to defeat plaintiffs' claim, are equally estopped to assert against the plaintiffs either a possession in fact or a written agreement for possession growing out of and depending on said mortgage.

CAMPBELL, J., delivered the opinion of the court.

The objections to the writ of attachment as issued by a justice of the peace in Jackson, and returnable and returned within less than five days after its issuance, are without merit.

Treating the deed of trust executed by Parkman on the 5th of May, 1879, as having no validity as such with respect to third persons not parties to it, because of its non-registration, but regarding it as first made when it was filed for record, we discover nothing in the transaction by which Baldwin received a surrender of the goods for the benefit and security of Bickham & Moore, except the very frequent occurrence of a transfer of goods by a debtor to pay his creditor whom he prefers. The law permits this to be done ; and however reprehensible it may be in the view of some that a debtor should devote to the payment of his preferred creditor goods for which he owes another, the law does not condemn it.

When the attachment was levied on the goods they were in the possession of Baldwin, delivered to him for the benefit of Bickham & Moore by Parkman, who, before a lien was fastened on them, had the right to apply them, in good faith, to the payment of any of his creditors. Although the goods were surrendered, to be disposed of as provided by the deed of trust, or as it was modified by the terms of the written transfer, and although the deed of trust may have been invalid, but may have been the inducing cause of the surrender of the goods, it is certain that the transaction was a delivery of the possession of the goods by Parkman to Baldwin, to be disposed of for Bickham & Moore. If the deed of trust conferred no right on Baldwin to the goods, their delivery to him did.

The instruction given to the jury at the instance of the plaintiffs contravenes this view. It ignores the very important

transaction of the delivery of the goods by their owner to Baldwin, to pay Bickham & Moore, and announces that, notwithstanding 'this, the jury should, upon the other facts in evidence, find for the plaintiffs. It recites all the facts in evidence except those decisive of the issue, and directs the jury, if they believe the facts recited, to find for plaintiffs.

If Parkman had never made the deed of trust, and had, on January 28, 1880, delivered his goods to Baldwin, as trustee, to sell, and pay Bickham & Moore, as preferred creditors, the validity of the transaction would not have been questioned. It would have been unassailable. The fact that he made a deed of trust, and had an understanding that it should be withheld from record until Bickham & Moore should decide to place it on record, and that it was withheld from record until about the time that he delivered the goods to Baldwin, in no degree lessened his power to devote his goods to preferring Bickham & Moore.

The fifth instruction asked by the appellant should have been given. It places the right of Baldwin to the goods on the delivery of them to him, in trust for Bickham & Moore, before the levy of the attachment, and according to our view this is the true ground on which his claim rests.

It is not apparent that the case was litigated in the Circuit Court on this view, although the record presents it. The contention in the court below, as we infer from the instructions asked and the argument here, was as to the effect of the agreement not to record the deed of trust, and its being withheld from record, and the continuance of Parkman to sell the goods and replenish his stock of merchandise, and the effect of the deed and the surrender of the goods on it on after-acquired goods.

We treat the deed of trust as though not executed until the day it was filed for record, and regard the right of Baldwin as having sprung from the transaction which invested him with the possession and ownership of the goods, as trustee, for the payment of Bickham & Moore. That invested him with title,

and the deed of trust and the writing executed by Parkman on surrendering the goods to Baldwin served to define the trust and his powers and duties. He properly asserted his claim as trustee under the deed of trust of the 5th of May, 1879; for, as we have shown, if it was inoperative as against those not parties to it, before it was recorded, or even afterwards, it is properly referred to in connection with the delivery of the goods, with reference to it, as at least a written declaration of the powers and duties of the trustee.

The writing executed by Parkman on the surrender of the goods should be admitted in evidence as part of the *res gestæ*.

Judgment reversed, new trial granted, and cause remanded.

In response to a suggestion of error by *S. M. Shelton*, of counsel for the appellees, the court made this *addendum* to the foregoing opinion : —

*Per Curiam.* — The suggestion of error wrongly construes our opinion as indorsing and establishing the *bona fides* of the dealings between Bickham & Moore and Parkman.

We did not so desire to be understood. On the contrary, our position is that the *bona fides* of the transaction must be submitted to the jury with all the facts laid before them ; and, further, that the right of Parkman to prefer Bickham & Moore was not lost by reason of the void trust-deed previously executed. The rights of the parties and the validity of the surrender to Baldwin are to be tested by the facts and circumstances existing at the date of that surrender. What preceded it may be valuable as shedding light on the subject, but cannot operate to determine it as a matter of law, nor deprive the debtor of the right to make an honest preference among his creditors. The trust-deed, being void, neither gave the grantees any rights nor deprived the grantors of any. It is receivable in evidence as indicative of intention, but not as necessarily fixing the rights of the parties or the legal effect of the surrender to the trustee.