## JOSEPH KAUFMAN *v.* SIMON & COMPANY.

1. **ASSIGNMENTS FOR CREDITORS** *Execution. Evidence. Stipulation of counsel.*

   Where an assignment for the benefit of creditors purported to be signed for the assignors by an agent, the court will not consider an objection that it was error to admit the assignment in evidence because the authority of the agent was not shown, when it appears that the parties litigant had agreed that the goods mentioned in the instrument were delivered by the assignor to the assignee, and that the latter took possession under it.

2. **SAME.** *Sale by assignee. Distribution. Consent of creditors. Code 1892, ch. 8.*

   When a debtor executes a general assignment for the benefit of creditors, in good faith, and the assignee makes a sale of the property, in good faith, for a. fair price, and distributes the proceeds pro rata to creditors, a creditor who cashes the assignee's check for his share, and after retaining the money for a few days reconsiders the matter and sends his check for the amount to the assignee, will be taken, along with the other creditors, to have consented to the sale, and be estopped from objecting that the assignment is void because the assignee has not complied with the requirements of code 1892, ch. 8, in respect to the filing of a petition, bond, and schedules in the chancery court, etc.

3. **SAME.** *Preferences. Code* 1892, §124.

   A general assignment for creditors containing no preferences is not affected by code 1892, §124, providing that unless certain schedules are filed in the chancery court by the assignor, the assignment shall be void as to all preferences contained in it.

4. **EVIDENCE.** *Letter. Testimony as to contents.*

   The testimony of a witness as to the contents of a letter is inadmissible when the same is in his possession and he does not offer to produce it.

FROM the circuit court of Washington county.

HON. THOS. R. BAIRD, Special Judge.

The appellees, Simon & Co., as creditors of W. Shaphran, attached certain goods in the possession of Joseph Kaufman, who had purchased them from E. Frankel, W. Shaphran's assignee in a general assignment for the benefit of creditors. Frankel filed a claimant's affidavit and bond, and this appeal is from a judgment on the claimant's issue for Simon & Co., plaintiffs in attachment, in whose favor the court below gave a peremptory instruction. The property mentioned in the assignment exceeded $1,000 in value, and the assignment was, therefore, one to which code 1892, ch. 8, was applicable. The other material facts are stated in the opinion of the court.

*Thomas & Rose,* for appellant.

1. The delivery of personal property by the owner for a lawful purpose carries the title with it, and a *bona fide* purchaser from the trustee for a valuable consideration, before any lien attaches, takes a good title. The validity of an assignment is wholly immaterial when the property is lawfully surrendered to the assignee for a lawful purpose, and the rights of innocent purchasers intervene before a specific lien has attached. *Crum* v. *Shoe Co.,* 72 Miss., 460, 461; *Baldwin* v. *Flash, Preston & Co.,* 58 *Ib.,* 599; *Covington* v. *Mayers,* 62 *Ib.,* 732. There was no question of fraud in this case, the assignment and the sale by the assignee both being wholly free from any imputation of it.

2. All the other creditors assented to the sale by the assignee; and the appellees cashed the draft for their distributive share of the proceeds, and several days afterward reconsidered the matter, and sent their draft for the amount to the assignee. Clearly they also assented to the sale, and are now estopped to object that ch. 8, code 1892, in relation to assignments, was not complied with.

*Shields & Boddie,* for appellees.

Chapter 8 of the code, § 117, provides that "in every case of a general assignment, where the property assigned shall exceed in value the sum of one thousand dollars (and it is proven that the property assigned in this case was worth $2,500), the assignee or trustee shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court of the county of the assignor's residence or place of business . . . or where the property, or some of it, may be, for the administration of the trust. The assignor and all of his creditors must be made parties to the petition." Said section is mandatory, and a compliance therewith by the assignee is indispensable to his right to deal with or dispose of the property. Under § 118 the assignee is required to file a bond with his petition, to be approved by the clerk, in a penalty therein fixed, conditioned for the faithful administration of his trust. Upon a compliance with said sections the assignee becomes a receiver of the court, etc., and § 121 provides that any creditor may file in said case a cross-petition against the receiver, and he may make the assignor, or other persons, whether parties to the suit before or not, defendants thereto, and show to the court that the assignment is fraudulent, and ought not for any other reason be enforced. Section 123 of said code requires all creditors to "establish their claims to the satisfaction of the court," and any creditor may oppose or controvert the demand or claim of any other creditor, and it is made the duty of the court on motion to cause all proper issues to be made up to test the validity of claims. Now, what is the effect of a total failure to comply with the plain mandatory requirements of said chapter 8 ? If an assignee can ignore the requirements of said chapter at his election, in cases where it applies, then it seems to us said chapter is a dead letter. The manifest object of the chapter is the protection of the creditors of the assignor, and it is no answer to an attaching creditor,

where said chapter has not been complied with, to say, as appellant says in this case, that the dealings of the assignee were fair; that the property was sold by him for a reasonable price, and the proceeds ratably distributed among the creditors. Section 123, as above shown, provides that any creditor may oppose the demand or claim of any other person. In this case appellee had no opportunity of "opposing the demand or claim" of any other person, because the assignee took unto himself the authority of selling all of the property at private sale for $2,500, and then proceeded to remit to W. Shaphran's creditors twenty-five per centum of their claims. How did he know that the claims he paid were valid? He necessarily took Shaphran's or his agent's word for it, and he or his agent may have given in the names of parties to whom Shaphran did not owe a cent, with a secret understanding that the amount so paid to them was to be returned to W. Shaphran. Certainly some such fraudulent arrangement could have been made, and we submit that one object of the law was to prevent that very thing by requiring creditors to prove their claims, and when that was done then other creditors could oppose them. It may be that all claims paid by the assignee were valid, and properly provable against the assignor, but the appellees and other creditors should have been given the opportunity of contesting them if they saw fit to do so. The law plainly gave them that right.

It is axiomatic that an assignor is not a *bona fide* purchaser for value. The appellant, Kaufman, admits that he knew that he was purchasing from Frankel as assignee of W. Shaphran, and he was chargeable with notice that Frankel had not complied with the requirements of the law. Now it is not even contended that Frankel, the assignee, had any title or right to the property assigned superior to the right of the attaching creditor; and Kaufman knowing the relationship of Frankel to the property, could and did not acquire any better title to it than Frankel had.

But appellant admits that the assignment from Shaphran

to Frankel was void for noncompliance with the requirements of chapter 8 of the code; but he contends that the transaction should stand, because he says that one owing debts has a right to turn over his property to his creditors in payment of his debts, and relies on the decision of *Baldwin* v. *Flash,* 58 Miss., 599, and s.c., 59 Miss., 61, and on *Covington* v. *Mayers,* 62 Miss., 730, as supporting his position. The court will observe from the record in the case at bar that nothing was done by W. Shaphran, or his agent, to dispose of his property for the benefit of his creditors after the execution of the void assignment; neither did W. Shaphran, or his agent, ever deliver to Kaufman possession of the stock of goods in question, but the only transaction disclosed by the evidence was the sale and delivery by Frankel, assignee, to Kaufman. The record does not disclose that E. Frankel ever acted under any authority except the attempted assignment. In *Baldwin* v. *Flash, supra,* subsequent to the execution of the deed in trust, which was admittedly void, there was a delivery, prior to the levy of the attachment, of the stock of goods to the trustee for the purpose of paying off the debt of Flash, Preston & Co.

In *Covington* v. *Mayers, supra,* the assignment was void, but subsequent to the assignment there was a deed executed by the Rankin County Savings Institution, through its cashier, to Mayers, and it will be seen that in all these cases, subsequent to the execution of the deeds in trust or assignment, something further was done prior to the levy of the attachment, delivering the possession of the goods or land, in payment of the debt; but in this case nothing was done by W. Shaphran, or his agent, subsequent to the execution of the alleged assignment. Whatever was done, was done by E. Frankel, assignee. If the assignment was void, E. Frankel, acting as assignee, having no title, could convey none, and as the attachment was levied upon the stock of goods before Shaphran, or his agent, ever sold the same, the claimant has no standing in court.

We insist that the assignment was utterly void, for the reason

that no authority is shown to have existed in B. Shaphran to execute same. *Gouldy* v. *Metcalfe*, 16 Am. St. Rep., 912, and authorities cited. See, also, 1 Am. & Eng. Enc. Law (2d ed.), 1005, and notes; also pp. 1012 and 1024 and notes.

We submit that there was nothing in the conduct of appellees in receiving and returning their pro rata share inconsistent with their present attitude. Appellees were not in possession of the facts in the matter when they received the assignee's check, and are not estopped.

Section 124, code 1892, provides: "A general assignment which does not comply with this section shall be void as to all preferences contained in it." Our construction of that clause is that although a general assignment complies with all of the other requirements of chapter 8, yet, if the schedules called for by § 124 are not furnished, such assignment shall be void as to preferences; but in case of a general assignment without preferences, where none of the mandatory requirements of the first seven sections in chapter 8 are complied with, such assignment will be absolutely void as to attaching creditors.

Argued orally by *A. J. Rose*, for appellant, and by *Edward Mayes*, for appellees.

CALHOON, J., delivered the opinion of the court.

We think the court erred in giving a peremptory instruction for the plaintiffs below. It is agreed in writing that the appellees recovered a judgment against W. Shaphran on May 8, 1901, and that on trial of the claimant's issue on the claim of property by appellant, Kaufman, the plaintiffs, who were judgment creditors of W. Shaphran, offered in evidence an "assignment, or what purports to be an assignment, executed by W. Shaphran to E. Frankel, dated the 22d day of April, 1901, signed 'W. Shaphran, per B. S., Agt.'" It is further agreed that this was a general assignment, and that the assignee filed no petition in chancery, gave no bond, and filed no schedules,

as required by chapter 8, code 1892. It is further admitted that the goods described in this assignment "were delivered by W. Shaphran to E. Frankel, who took possession of the same under Exhibit A [which is the assignment], and that he sold and delivered the same to Joseph Kaufman, the claimant in this case, who took possession of the same, and was in possession prior to the issuance of any attachment in this case." The case was commenced by attachment, but the grounds of attachment do not appear in this record. It may be said here that there is no intimation of fraud anywhere in this record on the part of W. Shaphran, the grantor· in the assignment, or E. Frankel, the assignee, or Joseph Kaufman, the .claimant, to whom Frankel conveyed and delivered .the property assigned. It is established, without contradiction, that Kaufman paid the assignee a fair price for the goods, and bought in good faith, and ·remained in possession undisturbed for about sixteen days, and that the assignee under this general assignment, without preferences made proper pro rata distribution to every creditor, and among them to H. D. Simon & Co., the appellees. H. D. Simon & Co. cashed the draft sent them by the assignee, kept the money a few days, reconsidered, and mailed to Frankel, the assignee, their own draft for the money. All these facts are undisputed. Frankel, as a witness, testified that before he sold to Kaufman he had written to all the creditors for permission to make this sale, to save expense and delay, and that all of them, including appellees, had answered, agreeing that he should make it; but as he had this letter from H. D. Simon & Co., and did not produce it, the court, very properly, on plaintiffs' motion, excluded his testimony as to their letter of agreement.

There appears no objection in the court below to the assignment as evidence. It is now here suggested that it is not competent evidence, because of the signature to it, "W. Shaphran, por B. S., Agt.;" the authority of "B. S., Agt.," not being shown. This might prevail but for the agreement that the goods "were delivered by W. Shaphran to E. Frankel, who took

possession of the same under Exhibit A." With this agreement in, we cannot consider the objection on this point.

The real contention.is that the assignment, and sale under it by the assignee, were absolutely void, because the assignee did not conform to the directions of code 1892, § 117. This might avail if the attachment had intervened between the execution of the assignment and the sale and delivery of the possession of the goods by the assignee to Kaufman. But the attachment was not interposed until two weeks or more thereafter. Shaphran, in good faith, conveyed the property to Frankel for the benefit of his creditors, without preference, and put him in possession; and he, in good faith, sold and delivered the possession of them to Kaufman, who bought and took possession for a fair price in good faith. This is enough. *Baldwin* v. *Flash,* 58 Miss., 593. Appellees can derive no comfort from Code, § 124, which declares a general assignment, where certain schedules are not filed, "void as to all preferences contained in it." This assignment contains no preferences, and the argument would be that it is therefore not void, and that, if such had been the intent in § 117, the legislature would have said so.

*Reversed and remanded.*